IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


DAVID DERRINGER,

            Plaintiff,

vs.                                                            Civ. No. 03-0149 MV/RLP


THOMAS FITCH,

                  Defendant.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss, filed February 24, 2003, **[Doc. No. 6]** and Plaintiff's Motion to File Surreply, filed March 26, 2003 **[Doc. No. 10]**.  The Court, having considered the motions, briefs, relevant law and being otherwise fully informed, finds that the motion to dismiss is well-taken and will be **GRANTED** and the motion to file a surreply is not well-taken and will be **DENIED**.

### BACKGROUND

On January 31, 2003, Plaintiff, who appears *pro se*, filed a forty-page complaint against Defendant Thomas Fitch, a New Mexico State District Court Judge ("Judge Fitch").  Plaintiff's claims arise out of his disagreement with rulings made by Judge Fitch during a state court adjudication of a water rights dispute between Plaintiff's wife, Susan Nevitt, and her mother, Norma Nevitt, (the "Nevitts") and their neighbors, Mickey and Jennifer Chapel (the "Chapels").

1.        The State Court Case

In 1994, the Chapels filed a state court action seeking to confirm their senior water rights

as against the Nevitts who lived upstream from the Chapels.  Judge Fitch was the presiding judge.

Plaintiff was not a party to the suit because the Nevitts were the property owners of record at the

time the case was filed.  The case proceeded to a jury trial and the jury found for the Chapels and

against the Nevitts.  Based upon the jury verdict, Judge Fitch entered a judgment and a permanent

injunction in favor of the Chapels on May 17, 1996 (the "1996 judgment").  The Nevitts appealed

the 1996 judgment and the New Mexico Court of Appeals affirmed.

In July 2000, the Chapels filed a motion to enforce the 1996 judgment.  Plaintiff, who had

apparently obtained an interest in the Nevitt property some time after the original suit was filed,

was permitted to intervene in this case.  Judge Fitch held an evidentiary trial on the Chapels'

motion to enforce, found in favor of the Chapels, and entered a second judgment and injunction

on September 24, 2001 (the "2001 judgment").  Plaintiff appealed the 2001 judgment and the

New Mexico Court of Appeals affirmed.

In August 2002, the Chapels filed a motion to enforce the 1996 judgment and the

2001 judgment.  On January 13, 2003, Judge Fitch held a bench trial at which Plaintiff appeared

but the Nevitts did not.  Following this trial, Judge Fitch entered a decision awarding the Chapels

$3,545.00 in compensatory damages, $20,000 in punitive damages, and reasonable attorney's

fees.  Judge Fitch also held that if the Nevitts and Plaintiff failed to remove two dams on their

property within 45 days, the Chapels would have the right to enter upon the property and remove

those dams and that the Nevitts and Plaintiff would be fined $100.00 per day for each day they

failed to comply with the injunctions issued in the case.  In addition, Judge Fitch entered an Order

granting the Chapels' Motion for Injunction to Enjoin the Filing of Additional Motions, Pleadings

or Other Papers by *Pro Se* Defendants.

2

Plaintiff and his wife have since filed a number of federal and state actions against the Chapels, the Chapels' attorney, the state court judges, and other state and county officers involved in the water adjudication in state court.  *See Derringer v. Chapel,* No. CIV 02-0974-WJ/RLP (D.N.M. Oct. 3, 2002) (memorandum opinion and order dismissing case); *Derringer v. Snyder*, No. CIV 03-0291 MV/KBM (pending); *Derringer v. Denko*, No. CIV 03-0290 MCA/LAM (D.N.M. Dec. 22, 2003) (memorandum opinion and order dismissing case); *Derringer v. Chapel,* No. CIV 03-804 WJ/RHS (D.N.M. Sept. 4, 2003) (judgment dismissing case); *Nevitt v. Fitch*, No. CIV 03-0155 LFG/WWD (D.N.M. May 19, 2003) (memorandum opinion and order dismissing case); *Nevitt v. Fitch*, No. CIV 02-1580 WPJ/LFG (D.N.M. Dec. 31, 2002) (memorandum opinion and order dismissing case); *Derringer v. D'Antonio*, No. CIV 03-0090 JP/DJS (pending); *Derringer v. New Mexico Supreme Court*, No. CIV 02-1075 MV/WDS (pending).  Plaintiff has been enjoined from filing further frivolous lawsuits in this district.  *See Derringer v. Chapel*, No. CIV 03-804 WJ/RHS (D.N.M. Sept. 8, 2003).

    2.        Plaintiff's First Federal Case Against Judge Fitch

On December 17, 2002, Plaintiff filed a complaint in federal court against the Chapels and Judge Fitch alleging that the Chapels conspired with Judge Fitch to deprive him of his rights under state and federal law.  *See David Derringer v. Mickey C. Chapel, Jennifer Chapel, and Judge Thomas Fitch*, No. CIV 02-0974 LFG/RLP (D.N.M.) ("*Derringer 1*").  On October 1, 2002, the court in *Derringer 1* found that Judge Fitch was entitled to absolute judicial immunity from Plaintiff's claims and dismissed him from the action with prejudice.  Plaintiff has appealed that decision.

     3.       Plaintiff's Second Federal Case Against Judge Fitch

On January 31, 2003, Plaintiff brought this action solely against Judge Fitch, alleging essentially the same claims alleged in *Derringer 1*. Plaintiff, however, added allegations to the complaint in this case based on events that occurred subsequent to the filing of the complaint in *Derringer I*. First, Plaintiff added allegations regarding Judge Fitch's conduct of the January 13, 2003 bench trial and the decisions and orders entered by Judge Fitch following this trial. Second, Plaintiff alleges that Judge Fitch was involved in a conspiracy to murder him in order to avoid public disclosure of Judge Fitch's corrupt rulings in the state court case. Third, the complaint includes several legal theories not raised in *Derringer I*.[1] Plaintiff seeks compensatory damages as well as injunctive relief.

Judge Fitch filed the instant motion to dismiss asserting that Plaintiff's claims are barred by the doctrines of judicial immunity and *res judicata*. Judge Fitch also argues that Plaintiff's conclusory allegations regarding the alleged conspiracy to murder Plaintiff are insufficient to state a claim.

## LEGAL STANDARD

A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his/her claim that would entitle him/her to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the

---

[1] Plaintiff's Complaint alleges violations of 42 U.S.C. § 1986, 42 U.S.C. § 1983, 42 U.S.C. § 1985(2) & (3), 18 U.S.C. § 241, 42 U.S.C. § 1981(a), 18 U.S.C. § 1621, 18 U.S.C. § 1505, and 18 U.S.C. § 1512.

plaintiff. *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187
(10th Cir. 1991). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff
will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his/her
claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). These deferential rules, however, do not
allow the court to assume that a plaintiff "can prove facts that [he/she] has not alleged or that the
defendants have violated the.... laws in ways that have not been alleged." *Associated General
Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526
(1983). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not
only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of
justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359
(10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

While a court must construe a *pro se* plaintiff's pleadings liberally, mere conclusory
allegations will not support a claim without supporting factual averments. *Brown v. Zavaras*,
63 F.3d 967, 972 (10th Cir. 1995); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).
The court is not obliged to craft legal theories for the *pro se* plaintiff nor may the court supply
factual allegations to support a *pro se* plaintiff's claim for relief. *See Hall v. Bellmon*,
935 F.2d 1106, 1110 (10th Cir. 1991).

## DISCUSSION

1.     Local Rules

Plaintiff has submitted a "notice" stating that Judge Fitch violated D.N.M. LR-Cv 7.4(a)
and asserting that this violation mandates that Judge Fitch's motion to dismiss be denied. Local
Rule 7.4(a) states that in *pro se* cases

> [the] Movant must request concurrence of each party, at least (3) working days before
> filing a motion.  Movant must recite that concurrence was refused or explain why
> concurrence could not be obtained.  A motion that omits recitation of a good-faith request
> for concurrence *may* be summarily denied.

D.N.M. LR-Cv 7.4(a) (emphasis added).  Summary denial of a motion for failure to comply with

Local Rule 7.4(a) is discretionary.  Although it appears that Judge Fitch did not comply with

Local Rule 7.4(a), the Court will not summarily deny the motion to dismiss because there is no

indication that Judge Fitch intentionally violated the rule and the purpose of the rule--to avoid the

filing of uncontested motions--would not have been fulfilled in this instance because the motion to

dismiss is contested.

2.      Plaintiff's Motion to File a Surreply

        Plaintiff has filed a motion seeking to file a surreply in order to have the same number of

briefs as Judge Fitch.  Plaintiff's motion is denied because Judge Fitch's reply brief contains no

new legal argument or evidentiary material that would justify the need for a surreply.  *See,*

*e.g., Doebele v. Sprint/United Mgt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003).  In addition,

the Court has reviewed the proposed surreply and supporting materials attached to Plaintiff's

motion and finds no additional grounds therein that would entitle Plaintiff to the relief he requests

in this matter.

3.      Claims Arising from Judge Fitch's Conduct of the State Court Case

        The majority of Plaintiff's complaint is devoted to challenging Judge Fitch's conduct of

the state court proceedings, including the allegedly erroneous rulings made by Judge Fitch and the

allegedly improper motives behind those rulings.  Plaintiff seeks both monetary damages and

injunctive relief for these claims.

A.      Claims Seeking Monetary Damages

Judges are immune from damages for civil liability for acts taken in their judicial capacity.[2]
*Stump v. Sparkman*, 435 U.S. 349 (1978).  "A judge will not be deprived of immunity because the
action he took was in error, was done maliciously, or was in excess of his authority; rather, he will
be  subject to liability only when he has acted in the clear absence of all jurisdiction."  *Id*. at 356-
57; *see also Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002).  Common law judicial
immunity "attaches if (1) the acts complained of are judicial in nature, and (2) the court had
jurisdiction over the subject matter of the case."  *Christensen v. Ward*, 916 F.2d 1462, 1473 (10th
Cir. 1990) (citations omitted).

Judge Fitch, as a State District Court judge, has subject matter jurisdiction over all matters
and causes not excepted in the Constitution of the State of New Mexico.  N.M. Const. Art. V,  §
13.  Thus, Judge Fitch acted within the jurisdiction of his court in adjudicating the disputed water
rights in the state case.  Consequently, Judge Fitch's conduct of the state court case, including his
rulings in the trials and entry of related orders, are judicial acts within his jurisdiction and Judge
Fitch is immune from damages for the claims based on his conduct of the state court case.

B.      Claims Seeking Injunctive Relief

Plaintiff seeks a restraining order against Judge Fitch to "prevent any future and
retribution damage" and to "protect the Plaintiff from such an evil and morally deprived man."  As
the harm of which Plaintiff complains relates to Judge Fitch's rulings in the state court case, the
Court interprets this request as seeking an order barring Judge Fitch from issuing any additional

---

[2]  Judge Fitch is also entitled to absolute judicial immunity for Plaintiff's claim for damages
under 42 U.S.C. § 1983.  *See Stump v. Sparkman,* 435 U.S. 349 (1978).

orders in the state court case.   Plaintiff also seeks "an Order requiring the Defendant to issue a certificate of compliance."   While it is unclear what Plaintiff means by a "certificate of compliance," the Court, construing a *pro se* plaintiff's complaint liberally, interprets this as a request that the Court have Judge Fitch find for the Plaintiff in the state court case.

Although the doctrine of judicial immunity provides that a judge is not liable for monetary damages for acts performed in the exercise of his judicial functions, the Supreme Court in 1984 held that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity."[3]  *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984).  Plaintiff's claims for injunctive relief, however, fail under *Younger* abstention and the *Rooker-Feldman* doctrine, respectively.[4]

A. *Younger* Absention

A court can abstain from exercising jurisdiction over a claim under several theories of abstention.  *Younger* abstention, the theory of abstention relevant to Plaintiff's request to restrain Judge Fitch from issuing any further orders in the state court case, is appropriate when "'(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings

---

[3]  Judge Fitch is immune from the injunctive relief Plaintiff seeks for the § 1983 claims.  Section 1983 states that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable.  Consequently, Judge Fitch is immune from injunctive relief for the § 1983 claims.

[4]  The Court can *sua sponte* raise the issue of the applicability of *Younger* abstention, *Bellotti v. Baird*, 428 U.S. 132, 143 n. 10 (1976), and can *sua sponte* review claims for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3).

involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'" *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (quoting *Amanatullah v. Colorado Bd. of Medical Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Id.* (citation omitted).

The underlying state court action between Plaintiff and the Chapels appears to be an ongoing civil proceeding because the state court retains jurisdiction over the case to enforce the continuing injunctive relief ordered against the Nevitts and Plaintiff.[5]  In addition, there is no indication that Plaintiff cannot adequately raise his federal lawsuit claims in state court. *See Crown Point I*, 319 F.2d at 1215 ("Typically, a plaintiff has an adequate opportunity to raise federal claims in state court 'unless state law clearly bars the interposition of the [federal statutory] and constitutional claims.'") (quoting *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999)).  Finally, the underlying state court case involves an important state interest, namely, the state's "strong interest in comprehensive water regulation." *See Confederated Salish v. Simonich*, 29 F.3d 1398, 1401 (9th Cir. 1994); *see also Arizona v. San Carlos Apache Tribe of Arizona*, 463 U.S. 545, 551 (1983) (there is an important federal interest in the state adjudicating water rights in a single comprehensive state proceeding).

---

[5]  One could argue that the underlying state action is not an ongoing proceeding and that *Younger* abstention, therefore, does not apply. *See* 1939-40 Op. N.M. Att'y Gen. 107 (water adjudication statutes do not provide for continuing jurisdiction once a decree adjudicating waters has been entered but a decree can apparently reserve jurisdiction).  Even if that were the case, the claims seeking a restraining order against Judge Fitch would nonetheless be subject to dismissal because Plaintiff's request for an order prohibiting Judge Fitch from issuing orders in a terminated case would be moot.

In the absence of extraordinary circumstances, *Younger* abstention applies to this case and dictates a dismissal without prejudice of Plaintiff's claims seeking an order barring Judge Fitch from issuing any further orders in the state case.

B.   *Rooker-Feldman* doctrine

Plaintiff's request for a "certificate of compliance" is barred by the *Rooker-Feldman* doctrine.  Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review or reverse a state court judgment.  *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).  Any such review must be addressed directly to the United States Supreme Court.  *Id.*  The *Rooker-Feldman* doctrine applies to all state court judgments, whether they are final or not.  *See Kenmen Engineering v. City of Union*, 314 F.3d 468, 473-74 (10th Cir. 2002).  If the *Rooker-Feldman* doctrine applies to a federal case, the case will be dismissed for lack of federal subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  *Id.*

In this case, the *Rooker-Feldman* doctrine plainly applies to Plaintiff's request that Judge Fitch be ordered to issue a "certificate of compliance."  Accordingly, Plaintiff's claims seeking an order requiring Judge Fitch to issue a "certificate of compliance" are subject to dismissal without prejudice for lack of subject matter jurisdiction.

3.   Claims Regarding Alleged Conspiracy to Murder Plaintiff

Plaintiff alleges that Judge Fitch conspired with the Chapels, and others, to murder him in order to prevent exposure of Judge Fitch's corrupt acts in the state court case.  As evidence of this conspiracy, Plaintiff asserts that prior to the January 2003 bench trial in the state court case, "an unknown male" called his wife and stated that "David's going to jail after the hearing.  He won't make it out alive.  Have your ever smelled burning flesh Susan?"  Plaintiff asserts that the

10

phone call was made by one of the five males present in the courtroom during the January 2003 trial-- Joseph Manges (the Chapels' attorney), Mick Chapel, Judge Fitch, the court reporter, the court bailiff-- or someone "directly subservient to them."  Plaintiff asserts that in furtherance of the conspiracy to kill Plaintiff, Joseph Manges requested at the January 2003 hearing that Plaintiff be jailed.  This request was apparently denied by Judge Fitch.

The Court finds that these conclusory allegations are insufficient to state a claim. *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992) (court should dismiss *pro se* plaintiff's vague and conclusory claims); *Sooner v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983) (conspiracy allegations failing to show specific facts supporting agreement and concerted action must be dismissed).  Consequently, the Plaintiff's claims with respect to the alleged conspiracy to murder Plaintiff will be dismissed for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).

As the Court finds that Judge Fitch is entitled to judicial immunity for all claims for damages arising from his rulings in the state court case and that the remaining claims fail to state a claim, are barred by the *Rooker-Feldman* doctrine, or are subject to *Younger* abstention, the Court will not reach the question of whether the claims against Judge Fitch are barred by the doctrine of *res judicata*.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to File Surreply, filed

March 26, 2003, **[Doc. No. 10]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, filed

February 24, 2003, **[Doc. No. 6]** is **GRANTED**.  Plaintiff's claims for damages based on

Judge Fitch's conduct of the state court proceedings are dismissed with prejudice.  The remainder

of Plaintiff's claims are dismissed without prejudice.

Dated this 29th day of March, 2004.

_____

MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff:
    David Derringer, *pro se*

Attorney for Defendant:
    Sean Olivas, Esq.