IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


DAVID DERRINGER,

        Plaintiff,

vs.                                                    Civ. No. 03-149 MV/RLP

THOMAS FITCH,

        Defendant.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Sanctions Under Fed. R. Civ. P. Rule 11 for Two Separate and Distinct Illegal Pleadings by Defendant Thomas Fitch and Attorney Sean Olivas; and Request for Relief, filed November 22, 2004, **[Doc. No. 19]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is not well-taken and will be **DENIED**.

On March 29, 2004, the Court dismissed Plaintiff's Complaint in this matter. *See* Memorandum Opinion and Order, filed March 29, 2004, [Doc. No. 12]. On April 9, 2004, Plaintiff filed a timely motion for reconsideration. Three days later, Defendant filed a motion seeking an award of attorney's fees. Plaintiff did not file a response to Defendant's motion for attorney's fees. On October 18, 2004, Defendant, pursuant to D.N.M.LR-Civ. 7.3(b), filed a notice that briefing was complete on Plaintiff's motion for reconsideration and a notice that

briefing was complete on Defendant's motion for attorney's fees.[1]  On October 26, 2004, Plaintiff notified the Court that he had filed bankruptcy on October 6, 2004.  Plaintiff subsequently filed this motion for sanctions, asserting that Defendant's filing of the two notices of completion of briefing after the date Plaintiff filed for bankruptcy violated the automatic stay provision of 11 U.S.C. § 362(a) and Fed. R. Civ. P. 11.[2]

Plaintiff incorrectly believes that the automatic stay prohibits any further actions by Defendant in this case.  Under 11 U.S.C. § 362(a)(1), a bankruptcy petition operates as an automatic stay of the commencement or continuation of a judicial proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the bankruptcy. "[T]he automatic stay does not apply to the continued prosecution of actions by the trustee or debtor in possession. Those entities may continue or pursue litigation without leave of court (or release of stay under section 362)." *Autoskill, Inc. v. National Educational Support Systems, Inc.*, 994 F.2d 1476, 1486 (10th Cir. 1993); *accord Mason v. Oklahoma Turnpike Authority*, 115 F.3d 1442, 1450 (10th Cir. 1997).  This case was brought by the debtor and, therefore, § 362(a)(1) does not automatically bar additional proceedings in this case.

The automatic stay provision, however, may proscribe certain filings seeking affirmative relief against the debtor.  "[A]ll proceedings in a single case are not lumped together for purposes

---

[1] Under Local Rule 7.3(b), Defendant had no obligation to file a notice of completion of briefing on Plaintiff's motion. *See* D.N.M.LR-Civ. 7.3(b) (requiring moving party to file a notice of completion of briefing).

[2] While Defendant filed the notices before Plaintiff notified the Court of his bankruptcy filing, Plaintiff asserts, and Defendant does not dispute, that Defendant was aware of Plaintiff's bankruptcy filing when he filed the notices.

2

of automatic stay analysis." *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3rd Cir. 1991). "Within a single case, some actions may be stayed, others not. Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, crossclaims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay." *Id.* at 1204-05. Since a defendant who is awarded judgment on a counterclaim is no less a judgment creditor than a plaintiff who is awarded judgment on claim asserted in a complaint, the term "action or proceeding," for purposes of § 362(a)(1), is construed to include any pleading that asserts a claim on which relief is sought. Consequently, an answer that asserts a counterclaim against a plaintiff who then becomes a bankruptcy debtor is an "action or proceeding against" the debtor within the meaning of § 362(a)(1), notwithstanding the fact that the debtor initiated the lawsuit. *See Koolik v. Markowitz*, 40 F.3d 567 (2d Cir. 1994) (defendant's counterclaim is "action or proceeding against" debtor); *see also In re Merrick*, 175 B.R. 333, 337 (9th Cir. 1994) (counterclaim against a debtor is "an action or proceeding against the debtor"). Similarly, the automatic stay applies to a motion seeking an award of attorney's fees against the debtor because it is "an action or proceeding against the debtor." *See Vasile v. Dean Witter Reynolds Inc.*, 20 F. Supp. 2d 465 (E.D.N.Y. 1998) (counterclaims for costs and attorney fees that were asserted against debtor in action brought by debtor were stayed pending final determination of debtor's bankruptcy petition);

Plaintiff, as the debtor, is free to continue prosecuting this action, including filing a motion for reconsideration. Consequently, there is no question that the filing of a notice of completion of briefing on Plaintiff's motion for reconsideration is not barred by the automatic stay. The more difficult question, however, is whether Defendant's notice of completion of briefing on his motion

for attorney's fees, which is subject to the automatic stay, violated the automatic stay.

Ministerial acts performed in a judicial proceeding subsequent to a bankruptcy filing do not fall within the proscription of the automatic stay. *See Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994) (simple and "ministerial" act of the entry of a judgment by the court clerk does not constitute the continuation of a judicial proceeding under section 362(a)(1)); *Savers Fed. Sav. & Loan Ass'n v. McCarthy Constr. Co. (In re Knightsbridge Dev. Co.)*, 884 F.2d 145, 148 (4th Cir. 1989) (clerical act of recording arbitration award does not violate § 362); *Heikkila v. Carver* (*In re Carver*), 828 F.2d 463, 464 (8th Cir.1987) ("routine certification" by clerk of court that debtor failed to redeem contract within redemption period does not violate § 362); *Teachers Ins. & Annuity Ass'n v. Butler*, 58 B.R. 1019, 1022 (S.D.N.Y. 1986) (filing of a signed judgment and entry on the docket by the clerk is "a purely ministerial act" that does not violate the automatic stay of § 362). A ministerial act is one that is essentially clerical in nature. *See* Black's Law Dictionary 996 (6th ed. 1990). Thus, when an official's duty is delineated by a rule or law with such clarity that nothing is left to the exercise of the official's discretion or judgment, the resultant act is ministerial. *See United States ex rel. McLennan v. Wilbur*, 283 U.S. 414, 420, 51 S.Ct. 502, 504, 75 L.Ed. 1148 (1931) (indicating that a duty is ministerial if "the obligation to act [is] peremptory, and plainly defined").

Local Rule 7.3(b) provides that "In all cases, upon the completion of briefing, the movant must file and serve on each party a Notice of Completion of Briefing. The Notice of Completion of Briefing must identify by date of filing and docket number the motion which is ready for decision and all briefs or other papers which have been filed relating to that motion." D.N.M.LR-Civ. 7.3(b). The acts required by Local Rule 7.3(b) are plainly defined and nothing is left to the

4

exercise of the attorney's discretion or judgment.  Thus, the acts required by Local Rule 7.3(b) are ministerial in nature and cannot violate the automatic stay provision.[3]

Even if the filing of a notice of completion of briefing was not ministerial in nature, the filing of the notice in this case would not constitute a violation of the automatic stay.  Section 362(h) provides that "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."  Thus, to recover under Section 362(h) of the Bankruptcy Code, a debtor must show not only the existence of a "willful violation," but also that he or she was injured by the violation.  *See In re Brock Utilities & Grading, Inc.*, 185 B.R. 719, 720 (E.D.N.C. 1995) (Section 362(h) requires the imposition of sanctions "[i]f a violation is 'willful' and the debtor has been injured").  A violation of the stay, by itself, does not support an award of damages.

Plaintiff has failed to demonstrate that he was injured by Defendant's filing of a notice of completion of briefing.  Plaintiff's actual damage claim consists solely of the costs of researching and filing his motion for sanctions.  Plaintiff's allegations are insufficient to demonstrate injury. *See, e.g., In re Brock*, 185 B.R. 719 (debtor had not suffered any injury when the only damages claimed by the debtor were costs incurred in filing the motion under Section 362(h)); *In re Craine*, 206 B.R. 594 (M.D. Fla. 1997) (debtors were not entitled to damages for Internal Revenue Service's willful violation of automatic stay as debtors were not injured by violation); *In*

---

[3] The Court is concerned that Defendant, who apparently was aware of Plaintiff's bankruptcy filing, filed a notice of completion of briefing on a motion subject to the automatic stay without informing the Court of Plaintiff's bankruptcy filing.  In a situation where the automatic stay is potentially implicated, the prudent course would be to inform the Court and seek guidance on future proceedings in the case.

*re Whitt*, 79 B.R. 611 (E.D. Pa. 1987) (in absence of any actual damages suffered by debtor as a result of public housing authority's actions in violation of automatic stay, debtor was not entitled to award of attorney fees and damages).  At most, Defendant's filing of a notice of completion of briefing on his motion for attorney's fees constitutes a *de minimus* stay violation that resulted in no damages to Plaintiff.  Under these circumstances, the Court will not award monetary damages pursuant to § 362(h).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Sanctions Under Fed. R. Civ. P. Rule 11 for Two Separate and Distinct Illegal Pleadings by Defendant Thomas Fitch and Attorney Sean Olivas; and Request for Relief, filed November 22, 2004, **[Doc. No. 19]**, is **DENIED**.

Dated this 8th day of June, 2005.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff:
    David Derringer, *pro se*

Attorneys for Defendant:
    Sean Olivas, Esq.
    Melanie Frassanito, Esq.